SCHNEIDER v. FOSTER-THORNBURG
HARDWARE CO.

No. 79.

District Court, S. D. West Virginia.

May 2, 1940.

272

J. Earl Pratt and David E. Crowe, both of Ironton, Ohio, for plaintiff.

George S. Wallace and Paul W. Scott, both of Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks a judgment against the defendant corporation for $11,000 for breach of its promise to redeem 110 shares of its so-called preferred stock. A motion to dismiss the complaint for failure to state a cause of action has been overruled and answer filed. The case is now before me upon plaintiff's motion for summary judgment under Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint alleges that on or about January 1, 1920, for a consideration of $11,000, the defendant, a West Virginia corporation, executed and delivered to him certificates representing 110 shares of so-called preferred stock in such corporation of the par value of $100 per share. The certificates were the usual preferred stock certificates, except that they contained a provision that they would be redeemed on demand of the holder at par and accrued dividends on January 1, 1930. Plaintiff alleges that on that date he made demand for redemption of this stock, but defendant refused and still refuses to pay him the agreed value of such certificates. Suit was instituted October 9, 1939.

The answer admits all of these allegations, recites in detail many adversities encountered by the corporation, the death of its president, efforts of creditors and common stockholders to save the company, new management, and recent reduction of indebtedness. It alleges that "from January 1, 1930 up to the date of the institution of this suit it has been insolvent and if it had been compelled to liquidate its assets would not have paid the creditors much less redeemed its preferred stock". No allegation is made of present insolvency or that redemption of the stock would make it insolvent.

Under this state of the record it is quite clear that there is no genuine issue as to any material fact. However, defendant now urges, as it did upon its motion to dismiss the complaint, that plaintiff is a stockholder; that his claim is subordinate to the claims of existing creditors, and to award him judgment would give him priority over existing creditors. Plaintiff admits the priority of existing creditors, and states that he is willing that there be contained in the judgment order a recital that such judgment is subordinate in priority to the claims of existing corporation creditors as to all assets of the corporation.

The law is well settled that a corporation, although indebted, is free to deal with its property as it chooses, insofar as it makes no voluntary transfers, and it is free to contract with its stockholders as it chooses, and such contracts are valid and enforceable as between the stockholders and the corporation, so long as such contracts are not prohibited by law nor the articles of incorporation. A preferred stockholder, in his relation to the creditors of a corporation, is not a creditor of such corporation, and cannot as against the creditors enforce any right he may have against the corporation. However, as between him and the corporation, or the other stockholders in it, there is no good reason why he should not be treated as a creditor where he has a demand against the corporation which can only be enforced as a debt. Westerfield-Bonte Co. v. Burnett, 176 Ky. 188, 195 S.W. 477. Right of redemption has been recognized as part of a contractual preference in issuing preferred stock. Crimmins & Peirce Co. v. Kidder Peabody Acceptance Corp., 282 Mass. 367, 185 N.E. 383, 88 A.L.R. 1122. Such is reasonable because a promise to redeem preferred stock on a certain date is an inducement upon which it was sold, and upon which the purchaser parted with his money.

The motion for summary judgment is sustained.